# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GUSTAVO SANCHEZ MARIN
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

WOK AND ROLL ENTERPRISES, INC.
d/b/a WOK AND ROLL RESTAURANT
2400 18th Street NW
Washington, DC 20009

MU YAN WANG
a/k/a MUYAN WANG
a/k/a JACK WANG
5208 Tulip Leaf Court
Centreville, VA 20120

MEILAN LI
a/k/a MEI LAN LI
5208 Tulip Leaf Court
Centreville, VA 20120

      Defendants.

Civil Action No. _____

## COMPLAINT

1.     While Plaintiff worked at the Wok and Roll restaurant as a busboy, Defendants paid him a flat, semi–monthly salary that denied him minimum and overtime wages. Moreover Defendants did not pay Plaintiff for one additional hour at the applicable minimum wage when he worked a "split shift."

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C.

Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.     Plaintiff Gustavo Sanchez Marin is an adult resident of the District of Columbia.

6.     Defendant Wok and Roll Enterprises, Inc. is a District of Columbia corporate entity. It does business as Wok and Roll. Its principal place of business is located at 2400 18th Street NW, Washington, DC 20009. Its registered agent for service of process is Mu Yan Wang, 2400 18th Street NW, Washington, DC 20009.

7.     Defendant Mu Yan Wang is an adult resident of Virginia. He resides at 5208 Tulip Leaf Court, Centreville, VA 20120. He is also known as Muyan Wang and as Jack Wang. He is an owner and officer of Defendant Wok and Roll Enterprises, Inc. He exercises control over the operations of Wok and Roll Enterprises, Inc. — including its pay practices.

8.     Defendant Meilan Li is an adult resident of Virginia. She resides at 5208 Tulip Leaf Court, Centreville, VA 20120. She is also known as Mei Lan Li. She is an owner and officer of Defendant Wok and Roll Enterprises, Inc. She exercises control over the operations of Wok and Roll Enterprises, Inc. — including its pay practices.

9.     Upon information and belief, Defendants Mu Yan Wang and Meilan Li are married.

**Factual Allegations**

10.     Defendants own and operate the Wok and Roll restaurant, located at 2400 18th Street NW, Washington, DC 20009.

11.     Wok and Roll is open seven days a week.

12.     Wok and Roll is open from 11:00 a.m. through 11:00 p.m. from Sunday through Thursday, and from 11:00 a.m. through 11:30 p.m. on Friday and Saturday.

13.     Plaintiff worked at Wok and Roll from approximately 2012 through approximately July 7, 2019.

14.     Plaintiff worked at Wok and Roll as a busboy.

15.     Plaintiff's job duties at Wok and Roll primarily consisted of clearing and cleaning tables, setting tables, unloading deliveries, and cleaning the restaurant.

16.     Plaintiff typically and customarily worked 46.0 hours per week.

17.     Plaintiff typically and customarily worked the following schedule:

|           | Start Time | End Time | Break Time | Hours Worked |
|-----------|-----------|----------|------------|--------------|
| Monday    | Off       |          |            |              |
| Tuesday   | 11:00 AM  | 10:00 PM | 2.0        | 9.0          |
| Wednesday | 11:00 AM  | 10:00 PM | 2.0        | 9.0          |
| Thursday  | Off       |          |            |              |
| Friday    | 11:00 AM  | 10:30 PM | 2.0        | 9.5          |
| Saturday  | 11:00 AM  | 10:30 PM | 2.0        | 9.5          |
| Sunday    | 11:00 AM  | 10:00 PM | 2.0        | 9.0          |
|           |           |          |            | **46.0 hours total** |

18.     At all relevant times, Defendants paid Plaintiff a semimonthly salary.

19.     At all relevant times, Defendants paid Plaintiff a semimonthly salary of approximately $900.00 by check.

20.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

22.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

23.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable District of Columbia minimum wage.

24.     The District of Columbia required employers to pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

25.     Finally, Defendants did not pay Plaintiff additional compensation for each day he worked a split shift.

26.     Plaintiff typically and customarily worked the lunch and dinner shifts in the same day, with a scheduled, two–hour break from 3:00 p.m. to 5:00 p.m.

27.     Defendants never paid Plaintiff for one additional hour at the applicable D.C. minimum wage rate for each day he worked such a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

28.     Defendants owe Plaintiff for one additional hour at the applicable D.C. minimum wage rate for each day he worked a split shift.

29.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $39,732.75 in minimum and overtime wages (excluding liquidated damages).

30.     Defendant Meilan Li hired Plaintiff.

31.     Defendants Mu Yan Wang and Meilan Li set Plaintiff's salary.

32.  Defendants Mu Yan Wang and Meilan Li supervised Plaintiff.

33.  Defendants Mu Yan Wang and Meilan Li signed Plaintiff's paychecks.

34.  Defendant Mu Yan Wang fired Plaintiff.

35.  At all relevant times, Defendants had the power to hire and fire Plaintiff.

36.  At all relevant times, Defendants had the power to control Plaintiff's work schedule.

37.  At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

38.  At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

39.  At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

40.  At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

41.  At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

42.  At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

43.  At all relevant times, Defendant had employees who handled food products, such as rice and fish, that had been grown or caught outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

44.  Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45.  Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

46.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

47.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

48.     Defendants' violations of the FLSA were willful.

49.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

50.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

52.     The DCMWA requires that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

53.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

54.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

55.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

56.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff one additional hour at the applicable D.C. minimum wage rate for each day he worked a split shift.

57.     Defendants' violations of the DCMWA were willful.

58.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid regular, minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

59.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

61.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

62.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63.     For purposes of the DCWPCL, "wages" include, among other things, minimum and over-time wages. D.C Code § 32-1301(3).

64.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular, minimum, and overtime wages.

65.     Defendants' violations of the DCWPCL were willful.

66.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid

wages, an amount equal to three times the amount of unpaid wages as liquidated damages, rea-

sonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropri-

ate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against De-

fendants, jointly and severally, on all counts, in the current total amount of **$158,931.00**, and

grant the following relief:

    a.     Award Plaintiff $158,931.00, consisting of the following overlapping elements:

        i.     unpaid overtime wages, plus an equal amount as liquidated damages, pur-

               suant to the FLSA, 29 U.S.C. § 216;

        ii.     Unpaid regular, D.C. minimum, and overtime wages, plus three times the

               amount of unpaid wages as liquidated damages, pursuant to the DCMWA,

               D.C. Code § 32-1012;

        iii.     unpaid regular, D.C. minimum, and overtime wages, plus three times the

               amount of unpaid wages as liquidated damages, pursuant to the DCWPCL,

               D.C. Code §§ 32-1303(4) and 32-1308;

    b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix ap-

proved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the

DCWPCL, D.C. Code § 32-1308(b)(1) (the current rate for undersigned counsel is

$742.00 per hour);

d.      Award Plaintiff court costs; and

e.      Award any additional relief the Court deems just.

Date: July 30, 2019                              Respectfully submitted,

                                                 /s/ Justin Zelikovitz
                                                 JUSTIN ZELIKOVITZ, #986001
                                                 DCWAGELAW
                                                 519 H Street NW
                                                 Washington, DC 20001
                                                 Phone: (202) 803-6083
                                                 Fax: (202) 683-6102
                                                 justin@dcwagelaw.com

                                                 *Counsel for Plaintiff*